UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 25-00968-MWF (KS)                                         Date: March 6, 2025

Title   *Joseph Hyungseop Shim v. R. Morales*

Present: The Honorable:   Karen L. Stevenson, Chief Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:  N/A           Attorneys Present for Respondent:  N/A

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

### BACKGROUND

Petitioner, a California inmate proceeding *pro se*, initiated this action by filing the pending Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition") on February 3, 2025.  (Dkt. No. 1.)  The Petition raises a claim of ineffective assistance of trial counsel and seeks relief from a June 3, 2015 conviction by a Los Angeles Superior Court jury of three counts of continuous sexual abuse of a child under the age of 14, two counts of lewd and lascivious acts involving children aged 14 or 15, and a special circumstance finding that the crimes were committed against more than one victim (case no. BA411385).  (*Id.* at 2); *see also People v. Shim*, No. B264605, 2017 WL 436056, at *1 (Cal. Ct. App. Feb. 1, 2017).  The trial court sentenced Petitioner to an indeterminate term of 25 years to life in state prison.  *Id.*  Petitioner's direct appeal of the above convictions and sentence was denied on February 1, 2017.  *People v. Shim*, 2017 WL 436056 at *1, 27.  The California Supreme Court denied review of the state appellate court's decision on May 10, 2017.  *People v. Shim*, No. S240611 at Dkt. No. 5 (Cal. 2017), *available at* https://appellatecases.courtinfo.ca.gov (last accessed on Mar. 5, 2025).

On October 23, 2017, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 in this Court.  *Joseph Hyungseop Shim v. Michael Sexton*, 2:17-cv-07743-MWF-KS.[1]  That Petition raised four claims challenging the state court decisions

---

[1] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a federal court may take judicial notice of its own records in other cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-00968-MWF (KS)                                              Date: March 6, 2025

Title   _Joseph Hyungseop Shim v. R. Morales_

affirming Petitioner's conviction in the same criminal case (BA411385).  _Id._ at Dkt. No. 1.  On May 22, 2018, the undersigned Magistrate Judge issued a Report and Recommendation finding that all of Petitioner's clams lacked merit and recommending that the petition be denied and the action dismissed with prejudice.  _Id._ at Dkt. No. 16.  On August 20, 2018, the District Judge accepted the Report and Recommendation, denied the Petition, and entered judgment dismissing the action with prejudice.  _Id._ at Dkt. Nos. 18, 19.  The Court also denied a certificate of appealability.  _Id._ at Dkt. No. 20.  The Ninth Circuit Court of Appeals separately denied a certificate of appealability on May 22, 2019.  _Id._ at Dkt. No. 23.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  _Boyd v. Thompson_, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  _Id._ at 1128.  A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  _Id._  Here, the Court has identified a defect indicating that the Petition must be dismissed as second or successive.

The pending Petition seeks relief from Petitioner's June 3, 2015 conviction in case no. BA411385.  (Dkt. No. 1 at 2.)  However, state habeas petitioners generally may only file one federal habeas petition challenging a particular state conviction and/or sentence.  _See_ 28 U.S.C. § 2244(b)(1) (courts shall dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); _see also_ § 2244(b)(2) (with certain exceptions, courts shall dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  _McNabb v. Yates_, 576 F.3d 1028, 1029 (9th Cir. 2009); _see also Gage v. Chappell_, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-00968-MWF (KS)                                     Date: March 6, 2025

Title   *Joseph Hyungseop Shim v. R. Morales*

    More important, even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

    Petitioner sought Section 2254 relief based on the same state conviction at issue here in *Joseph Hyungseop Shim v. Michael Sexton*, 2:17-cv-07743-MWF-KS. As discussed above, the Court denied that petition with prejudice. *Id.* at Dkt. Nos. 16, 18, 19. Therefore, the pending Petition <u>appears to be an unauthorized second or successive petition</u>, and before this Court may consider it, Petitioner must first seek authorization from the Ninth Circuit. 28 U.S.C. § 2244(b)(3); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

**CONCLUSION**

    **Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of this Order why the Petition should not be dismissed** as an unauthorized second or successive petition. *See* 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157.

    To discharge the Order to Show Cause, Petitioner must file: (1) a First Amended Petition that explains why this action is not second or successive because Petitioner is not challenging the same conviction or sentence as he did in his prior federal habeas petition; or (2) authorization from the Ninth Circuit to file a second or successive petition.

    **Petitioner's failure to timely show cause for proceeding with this action <u>will</u> result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(b).**

\\

\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 25-00968-MWF (KS)          Date: March 6, 2025

Title  <u>Joseph Hyungseop Shim v. R. Morales</u>

    If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

                                                               :
                                         **Initials of Preparer**     gr